UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. 16-CR-02914 MV

CODY JONES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Cody Jones's Opposed Motion for Early Termination Supervision [Doc. 177]. Having carefully considered the briefs, exhibits, and relevant law, and being otherwise fully informed, the Court finds that the Motion is well-taken and will be granted.

## BACKGROUND

On July 13, 2017, Cody Jones pled guilty to Count 2 of a five-count Indictment charging him with Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and Aiding and Abetting in violation of 18 U.S.C. § 2. Doc. 64. On June 6, 2018, this Court sentenced Mr. Jones to a term of imprisonment of 60 months, to be followed by a term of supervised release of four years. Doc. 91, 93. After Mr. Jones completed his term of imprisonment, he began his four-year term of supervised release on November 4, 2020. Doc. 177. Thus far, he has served three years and one month of his term of supervised release.

After his release from custody, Mr. Jones returned to Albuquerque to live with his wife and stepson, where he has "worked continuously at First Professional Auto Spa." Doc. 177 at 2. Mr.

1

Jones suffered a setback in March of 2022, when he tested positive for cocaine. *Id.* Following that positive result, however, he successfully completed a 90-day inpatient treatment program at Four Winds, and thereafter successfully completed a four-month abeyance period. *Id.* at 3. Mr. Jones has had no further violations while on supervision. *Id.*

In August 2023, Mr. Jones was successfully terminated from substance abuse and mental health treatment by A New Awakening. *Id.* While on supervision, he has worked to improve his communication skills and personal accountability, and has attended couples counseling to improve his marriage. *Id.* He has also established a relationship with his biological father, Walter Rogers, who lives in Franklin, Georgia where Mr. Jones grew up. *Id.*

Since reconnecting with his father, they have grown very close. *Id.* Mr. Rogers suffered a stroke in August 2023, which "caused severe physical and medical deficits" that require "significant rehabilitation and care services." *Id.* After being hospitalized, Mr. Rogers is now in a rehabilitative facility. *Id.*

On October 12, 2023, Mr. Jones filed the instant motion, asking that, considering "Mr. Rogers' care needs and Mr. Jones' demonstration of compliance on supervised release," the Court terminate his remaining term of supervised release. *Id.* at 4. Probation has indicated that it will defer to the Court regarding whether to grant Mr. Jones's request. *Id.* at 1. The government opposes the request for early termination. Doc. 178.

**DISCUSSION**

On his instant motion for an order terminating his remaining term of supervised release, Mr. Jones notes that, since March 2022, he has successfully complied with the conditions of supervision, successfully completed mental health and substance abuse counseling, has been routinely tested for drugs and alcohol without issue, and has established a relationship with his

biological father who is currently hospitalized in Georgia after suffering a serious stroke. Doc. 177 at 4. Mr. Jones indicates that he would like to be released from supervision so that he can "return to Georgia to help his family and care for his father in what are likely to be Mr. Rogers' final days." *Id.*

The purpose of supervised release is to "encourage rehabilitation *after* the completion of [a] prison term." *United States v. Haymond*, 588 U.S. ---, 139 S. Ct. 2369, 2382 (2019) (emphasis in original). Supervised release is intended to help formerly incarcerated individuals "in their transition to community life" and to serve "rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The determination of whether to grant early release is governed by 18 U.S.C. § 3583(e)(1), which provides that "the Court may, after considering the [§ 3553(a) sentencing factors] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," if the Court is also "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Thus, on a motion for early termination of supervised release, the Court first must consider the § 3553(a) sentencing factors, which are as follows: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to (A) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) "afford adequate deterrence to criminal conduct"; (C) "protect the public from further crimes of the defendant"; and (D) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established for [] the applicable category of offense committed by the applicable

category of defendant"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1); *see also United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (discussing the Court's obligation to consider § 3553(a) factors when deciding whether to terminate supervised release). If the Court is satisfied that early release is warranted under the § 3553(a) factors, it next must determine whether early termination is warranted by the defendant's conduct and is in the interest of justice. 18 U.S.C. § 3583(e)(1). "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012); *see also* U.S.S.G. § 5D1.2 Application Note 5 (explaining that the "court has the authority to terminate or extend a term of supervised release" and is "encouraged to exercise this authority in appropriate cases").

Here, the parties agree that the subsections (1) and (2) of § 3553(a) contain the provisions most relevant to this Court's determination, although they disagree as to whether a consideration of those provisions weighs in favor of or against early termination. As set forth herein, the Court finds that early release of Mr. Jones from his term of supervision is warranted under the relevant § 3553(a) factors.

First, regarding the nature of the instant offense, § 3553(a)(1), the Court does not discount the seriousness of Mr. Jones's drug distribution offense, which involved the sale of methamphetamine. As the government notes, Mr. Jones sold methamphetamine on three occasions, enhancements to his sentence were applied for the location of a firearm at the premises that he maintained, and he has a history of drug-related offenses, for which he was classified as a career offender. Doc. 177 at 2. As the government also notes, the PSR documents an incident on

4

August 24, 2016, during which, while being escorted from the courtroom following a hearing, Mr. Jones "became agitated and started yelling at [a] deputy." Doc. 178 at 4. Mr. Jones reportedly "la[y] down on his side on the floor and disobeyed the commands of the deputies," and when a deputy attempted to pick him up, Mr. Jones "grabbed the tie of the deputy and pulled down, applying a choking pressure." *Id.*

Admittedly, because of his classification as a career offender, Mr. Jones would not be entitled to the "presumption in favor of recommending early termination" as recommended by the Judicial Conference, which publishes a policy on early termination of supervised release. *United States v. King*, No. 06-CR-0311-3 (KMK), 2023 WL 196149, at *7 (S.D.N.Y. Jan. 17, 2023). "That policy directs probation officers to evaluate [individuals] who have spent more than 18 months on supervision for enumerated six criteria. If an [individual] meets all six, that policy presumes the supervising officer will recommend the Court to grant early termination." *Id.* One of the six criteria is that the individual is not "a career drug offender or a career criminal." *United States v. Shaw*, 611 F. Supp. 3d 1170, 1173-74 (D. Colo. 2020) (quoting Guide to Judiciary Policy, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018)). Regardless of whether Mr. Jones meets the criteria necessary for *a probation officer* to recommend early termination, nothing in the Judicial Conference policy changes the fact that *this Court* is vested with statutory discretion to grant an individual early termination based on its independent analysis under § 3353(a) and § 3583(e)(1). *See King*, 2023 WL 196149, at *7 (explaining that the policy findings of the Judicial Conference are "entitled to respectful consideration" but are not "binding on the court").

Further, the Court is disinclined to consider the August 24, 2016 incident dispositive of whether early termination is appropriate. Notably, Mr. Jones objected to the characterization of

5

that incident as set forth in the PSR and provided a differing account of what happened. Specifically, in an objection to the PSR, Mr. Jones indicated that "he was ordered to the ground and inadvertently grabbed the Marshal's tie when he was attempting to get back on his feet. Mr. Jones apologized and shook hands with the Marshal the next time they met." Doc. 179 at 2. The PSR was modified by way of an Addendum to include Mr. Jones' account of the incident. *Id.* Further, as Mr. Jones notes, "the incident was captured on surveillance video and did not result in any new charges against Mr. Jones." *Id.* Given the varying accounts of the incident, the fact that the incident occurred over seven years ago, and the fact that no similar incidents have occurred at any point since 2016, the Court does not find that the incident weighs against granting early termination.

Ultimately, § 3553(a)(1) requires that the Court consider the serious nature of Mr. Jones's drug distribution offense along with, and in the context of, his personal history and characteristics. Here, those characteristics include the fact that Mr. Jones has struggled with drug-related problems for his entire life. As Mr. Jones explains, "drugs had been a constant presence in his life since childhood as he was raised by a mother who suffered from heroin addiction" and who also was incarcerated for her role in the drug trade. Doc. 177 at 2. Considering Mr. Jones's personal history and characteristics, this Court found (based in part on Probation's recommendation), that a guideline sentence was greater than necessary to serve the goals of sentencing, and that a downward variance to a 60-month term of imprisonment was the appropriate sentence. *Id.* at 2, 8. While Mr. Jones's struggle continued during the early phase of his term of release, since his cocaine use in March 2022, he "has made positive and responsible decisions," *id.* at 8, committing to sobriety, successfully completing inpatient and then outpatient treatment and therapy, maintaining steady employment, and working toward building and repairing his relationships,

6

including with his wife and stepson and his previously estranged father. Indeed, it is with the hope of spending time with his ailing father that Mr. Jones seeks early release from supervision. Taking Mr. Jones's life story and steps toward change into account, on balance, the Court finds that the first § 3553(a) factor weighs in favor of granting early termination.

Next, regarding the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from further crimes of Mr. Jones, § 3553(a)(2)(A)–(C), the Court finds that, while Mr. Jones's offense was serious, so too was his punishment. He spent 60 months in custody and, to date, has spent three years and one month on supervised release. While serving his sentence, Mr. Jones has experienced significant limitations on his liberty. Further, since March of 2022, Mr. Jones has performed well on supervision and taken full advantage of the treatment opportunities afforded to him. He has demonstrated self-control, discipline, and dedication to compliance with the strictures of his supervision, which in turn demonstrate both that he needs no further time on supervision to protect the public or to deter him from further criminal conduct.

The government argues that, given the nature of the instant offense and Mr. Jones's criminal history, supervised release is a safeguard necessary to protect the public and prevent future harm. Doc. 178 at 5. While the Court does not disagree that supervised release is generally, and in this case has been, a valuable tool to promote the goals of sentencing, the Court nonetheless finds that early termination of Mr. Jones's supervision will not thwart those goals. Mr. Jones has served three years and one month of his four-year term of supervised release. The Court finds that the time he has already spent under supervision has provided him with a firm enough foundation to build a life as a productive member of society.

Similarly, the Court finds that the time he has already spent under supervision was sufficient to provide Mr. Jones with needed training, care, and other correctional treatment in the most effective manner. § 3553(a)(2)(D). As noted above, Mr. Jones successfully completed mental health and substance abuse treatment. He thus has utilized the resources made available to him and is not, at present, in need of further education, training, care, or treatment. The Court thus finds that the second § 3553(a) factor weighs in favor of granting early termination.

While the parties do not address the remainder of the § 3553(a) factors, the Court finds that early termination is consistent with the goals set forth therein, namely, ensuring that the Court consider the kinds of sentences available, the kinds of sentence and the sentencing range established for the category of offense committed by Mr. Jones, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. § 3553(a)(3)-(7).  The government does not argue, and the Court does not find, that early termination would result in a sentence that is not available here, or in any unwarranted disparity among similarly situated defendants. Further, there was no victim identified in connection with Mr. Jones's offense. Notably, Application Note 5 to U.S.S.G. § 5D1.2 is a pertinent policy statement that supports early termination under the circumstances presented here. Specifically, that Note encourages the Court to exercise its authority to grant early termination of supervision in appropriate cases, stating that "the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." U.S.S.G. § 5D1.2 Application Note 5.

Because the Court is thus satisfied that early release of Mr. Jones from his term of supervision is warranted under the relevant § 3553(a) factors, the Court next must determine

whether early termination is warranted by Mr. Jones's conduct and is in the interest of justice. The government argues that early termination is neither warranted nor in the interest of justice because the guideline range for Mr. Jones's term of supervised release was four to five years and the relevant statutory provision required the Court to impose a term of supervised release of at least four years. Doc. 178 at 5. Because Mr. Jones "has not yet even served the minimum four-year term contemplated by the guidelines," the government argues, the Court should not grant early termination. *Id.* As set forth herein, the Court finds that it has the authority under § 3583(e) to terminate Mr. Jones's term of supervised release before his four-year term has run, and that exercising that authority to grant Mr. Jones's motion is both warranted and in the interests of justice.

Mr. Jones was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which states in relevant part that "[n]otwithstanding section 3583 of Title 18, any sentence *imposed* under this subparagraph shall . . . include a term of supervised release of at least 4 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(B) (emphasis added). As discussed above, however, 18 U.S.C. § 3583(e) allows the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if, after considering the § 3553(a) sentencing factors, the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In *United States v. Spinelle*, the Sixth Circuit addressed the analogous tension between the statute under which the defendant therein was sentenced, namely 21 U.S.C. § 841(b)(1)(C), which required the court to impose a term of supervised release of three years, and § 3583(e)(1), under which the district court had released the defendant after serving one year of his three-year term of

supervised release. 41 F.3d 1056 (6th Cir. 1994). The Court rejected the government's argument that, in granting early release of the defendant, "the district court's statutory interpretation [] create[d] an irreconcilable conflict between the statutes." *Id.* at 1059. Rather, the Court explained, "it consistently gives effect to the plain meaning of the statutory language," while in contrast the government's statutory interpretation *would* create such a conflict, because it "attempts to combine in one sentencing phase what Congress has divided into two: sentencing and post-sentence modification." *Id.* The Court explained that § 841(b)(1)(C) "required the district court to sentence [the defendant] to three years of supervised release," which it did, thus "satisfying the sentencing phase of the statutory language." *Id.* Noting that, "as expressed in the plain meaning of the statutes," "the sentencing phase is different than post-sentence modification," the Court explained that by requiring imposition of a specific term of supervised release *at sentencing*, "Congress did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it." *Id.* at 1060.

Thus "[s]een as two separate chronological phases," the Court found that "the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. Therefore, in the absence of clear Congressional expression to the contrary, a court must give effect to both statutes." *Id.* And in giving effect to both statutes, the Court concluded that "even though the district court had to sentence [the defendant] to a three-year term of supervised release, it still had the subsequent discretionary authority to terminate the term and discharge [the defendant] after one year of completion." *Id*

Although the Tenth Circuit has not addressed the interplay between a statute requiring the imposition of a specific term of supervised release (such as § 841(b)(1)(B)) and § 3583(e)(1), it

cited favorably to *Spinelle* under different factual circumstances for the proposition that the "district court [had] properly modified the length of defendant's supervised release" under 18 § 3583(e)(2). *United States v. Saahir*, 47 F.3d 1178 (Table), 1995 WL 72389, at 2 (10th Cir. Feb. 22, 1995) (unpublished). Additionally, two district judges in this Circuit have agreed with and adopted the reasoning of *Spinelle* in cases where the statute of conviction was, as it is here, § 841(b)(1)(B). *United States v. McClister*, No. 2:02-CR-87 TS, 2008 WL 153771, at *2 (D. Utah Jan. 14, 2008) (holding that the court "fulfilled its obligation under [21 U.S.C. § 841(b)(1)(B)] when it sentenced Defendant to the four year minimum mandatory term, [but that it] retains the authority under 18 U.S.C. § 3583(e) to terminate Defendant's term of supervised release before her four year term has run"); *United States v. King*, 551 F. Supp. 2d 1298, 1300 (D. Utah 2008) ("[E]ven though the court was required to sentence Defendant to at least a four-year term of supervised release, it still had the subsequent discretionary authority to terminate Defendant's term of supervised release after one year of completion."); *see also Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) ("No language from either sub-section [18 U.S.C. § 3583(a) or 18 U.S.C. § 3583(e)] suggests that Congress intended a minimum term of supervised release in imposing a sentence to constrain the court's ability to later terminate it."); *United States v. Scott*, 362 F. Supp. 2d 982, 984 (N.D. Ill. 2005) ("The *imposition* of the sentences required by § 841 [] cannot be read to require the full *service* of the sentences in the face of other statutes allowing relief from such service, such as § 3583(e). Once the sentencing judge has imposed the sentence required by § 841, [] he has fulfilled the mandate of that statute.") (emphasis in original).[1]

---

[1] While the Fifth Circuit describes "a circuit split concerning whether a mandatory supervised release term may be modified or terminated under §3583(e)" between the Sixth Circuit and the D.C. Circuit, it is not clear that such a split exists. *United States v. Coleman*, 681 F. App'x 413, 415–16 (5th Cir. 2017). While the Sixth Circuit's decision in *Spinelle* is based on §3583(e), the D.C. Circuit decision that the Fifth Circuit references is based on an appeal asking that the

This Court similarly agrees with and adopts the reasoning of the Sixth Circuit on this issue. While § 841(b)(1)(B) required this Court to impose a minimum of four years of supervised release at the time of his sentencing, the Court fulfilled its statutory obligation when it sentenced Mr. Jones to the four-year mandatory minimum term. Nonetheless, this Court retains the authority under § 3583(e) to terminate Mr. Jones's term of supervised release before his four-year term has run. "This conclusion is consistent with the notion that it is in keeping with 'federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" *King*, 551 F. Supp. 2d at 1301 (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). Exercising its discretionary authority, the Court finds that Mr. Jones's conduct while on supervision, including his successful completion of treatment and other efforts to improve his relationships and himself, coupled with the fact that he seeks early termination for the express purpose of visiting and supporting his ailing father in what may be his final days, warrant granting termination of his remaining term of supervised release.

---

defendant's sentence, including his term of supervised release, be modified under §3582(c)(2). *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009). In that case, the defendant had not yet begun his term of supervised release and so would not be eligible for early termination under §3583(e), which only applies "after the expiration of one year of supervised release." 18 U.S.C. §3583(e)(1); *Lafayette*, 585 F.3d at 437. The authority of the court to terminate a period of supervised release under §3583(e) thus had not yet arisen in *Lafayette*, which is why the Court did not address §3583 in its decision. The D.C. Circuit decision in *Lafayette* therefore does not conflict with other circuits' determination that courts must not "collapse[] the statutory requirements that govern how the court must impose a sentence with those that control how it may modify one." *Pope*, 889 F.3d at 414.

## CONCLUSION

For the foregoing reasons, the Court exercises its statutory discretion to grant Mr. Jones's motion and terminate the remaining term of his supervised release.

**IT IS THEREFORE ORDERED** that the Motion for Early Termination Supervision [Doc. 177] is **GRANTED.**

Dated this 5th day of January 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE